RICHARD L. VALENTINE v. ERNEST FEHLING, Appellant.

**Livery stable keepers:** CONTRACT OF HIRE: LIMITATION OF RIGHT TO HIRE. A livery man is not bound to let his rigs to everyone who seeks to hire them, but he may by contract limit the service to parties named therein, and the personal right thus created is not transferable without his consent.

*Appeal from Mitchell District Court.*—HON. C. H. KELLEY, Judge.

TUESDAY, APRIL 9, 1912.

ACTION to recover on a written contract. Trial to the court, and judgment for the plaintiff. The defendant appeals.—*Reversed*.

*George E. Marsh,* for appellant.

*Wm. H. Salisbury,* for appellee.

SHERWIN, J.—The plaintiff and Fred Warrington were partners in the livery business, and in October, 1909, plaintiff sold to Warrington his interest herein, and Warrington, as a part consideration therefor, agreed in writing to furnish Valentine a team and rig to use for one year for the purpose of delivering and gathering mail on a rural route. In January, 1910, Warrington sold the livery stock and business to the defendant herein, and entered into a written agreement with the defendant, whereby the defendant undertook to furnish Valentine, or his deputy, the use of a team and rig until October 1, 1910, for use on his rural mail route. Valentine continued on his mail route until the 1st of May, 1910, when he was succeeded by one Fritcher, who had been appointed to take his place. Valentine made an arrangement with Fritcher whereby the latter agreed to use the remainder of his team credit at defendant's barn and to pay him therefor. This defendant refused to furnish Fritcher a team under defendant's contract with Warrington, whereupon Valentine brought this suit on the contract between Warrington and defendant.

It is the contention of the appellant that no breach of the contract pleaded is shown, because no claim is made that the defendant did not furnish a rig to plaintiff, or his deputy, in strict accordance with the terms of his contract, as long as the plaintiff, or his deputy, remained on the rural route; that by the terms of the contract defendant agreed to furnish a team and rig to Valentine, or his deputy, for the particular purpose of delivering and gathering mail; that the contract was that defendant should furnish the rig for the use of the parties named therein, and for the use of no one else; and that it was, therefore, purely personal. We are of the opinion that the appellant

is right in this position. The contract itself limits the service to be furnished to particular persons, and in addition to this the weight of the other evidence is to the effect that the matter was talked over beween Warrington and the defendant before the contract was made, and that the limitation made in the contract was for a purpose, and in exact accord with their understanding and intention that the service should not be furnished to any other person. A liveryman is not a common carrier, and he is not bound to let his horses to every one who seeks to hire them. We have no doubt that he may select the persons to whom he will intrust the use and care of his horses, and that such selection may be to the exclusion of all others, without a violation of any of the legal rights of the excluded persons; and, if this be true, it must follow that the defendant had the absolute right to contract that he would furnish horses to only Valentine, or his deputy, and to no one else. The contract itself expressly limits the service to the parties named, and there is no escape from the conclusion that the trial court erred in not so holding; and as the defendant at all times did furnish Valentine, or his deputy, a team and rig for the purpose named, he has not violated his contract, and is not liable thereon under any view of the case.

Appellee's counsel discuss other questions; but, as they are not controlling under the issues and the view we take of the case, they need not be discussed. For the reason pointed out, the judgment must be *reversed*.